BOLING *v.* AARON, *et al.*

No. 40672          February 17, 1958          100 So. 2d 581

*Geo. W. Currie, Geo. G. Currie,* Hattiesburg, for appellant.

*W. S. Murphy,* Lucedale, for appellees.

ETHRIDGE, J.

This case originated in the Chancery Court of George County, in an action brought by appellant S. L. Boling to confirm his title and remove clouds to 40 acres of land in George County. The defendants, appellees here, were Phil E. Aaron and George H. Critz, claiming title to the land through a 1930 tax sale, and Tidewater Associated Oil Company, owner of an oil, gas and mineral lease from Aaron and Critz. The defendants filed cross bills seeking to remove the claims asserted by cross-defendant Boling. After a hearing, the chancery court dismissed with prejudice Boling's bill of complaint, and granted appellees relief on their cross bills, confirming title in them, and removing the clouds asserted by Boling.

Appellant's father, Samuel Boling, purchased the land by patent from the United States of America in 1913. He and his family lived on it until his death intestate in 1928. In 1928 some of the heirs of Samuel Boling conveyed their interests in the land to appellant, and in 1956 the remaining heirs deeded their interests to appellant. The property sold for delinquent 1929 ad valorem taxes to the State of Mississippi on April 7, 1930. The State retained its tax title to the lands until March 14, 1944, when it patented the same to Mrs. Phil E. Aaron. In 1945 she conveyed the land to her husband, appellee Aaron, and in 1949 he conveyed a half interest therein to appellee Critz. In 1952 Aaron and Critz executed an oil, gas and mineral lease to Tidewater Associated Oil Company.

■■ ■ Appellant Boling and family continued to live on the land after the tax sale until 1937, when he bought from the State another 40 acre tract about 8 miles away. At that time there were 2 or 3 buildings on this property, including a house. Appellant removed most of the timber from the house and used it in the construction of his new home 8 miles away. The other buildings apparently burned around 1937. Since that time and up to the filing of this suit in September 1956, there have been no improvements on the property. It has not been farmed and there are no fences around it. It has some small timber. Thirty to sixty days after Mrs. Aaron purchased the property from the State in 1944, appellee Aaron told appellant that his wife and he had bought the land and were claiming it. Appellant did not deny their claim or assert one of his own to Aaron. Appellees have paid the taxes since 1945, appellant has paid none. Appellant and his wife testified that they have visited the land from time to time since they left it in 1937, and they have always claimed it as their own. However, the record reflects that they have not exercised any acts of possession over it, and the chancellor was amply warranted in finding, as he apparently did, that Boling since 1937 has not been in possession of the land.

■■■ On the other hand, appellant has wholly failed to show that the 1930 tax sale to the State was invalid. He contends that there was no valid 1929 assessment of the property by the board of supervisors. However, Miss. Laws 1926, Chap. 298, provided that "the land shall be assessed for ad valorem taxation for the year 1926 and every two years thereafter." This system of biennial assessments continued in Mississippi until 1950. See Code 1930, Sec. 3144; Miss. Laws 1950, Ch. 298, Sec. 1; Miss. Code 1942, Sec. 9768. Appellant does not attack the validity of the assessment rolls for 1928. Under the 1926 act, those assessment rolls served also for the year 1929, and the 1930 tax sale to the State was based on

them. Hence there was a valid tax sale to the State of Mississippi in 1930, and the State conveyed to Mrs. Aaron, appellees' predecessor in title, a good title. The chancellor was manifestly correct in holding that appellees were the owners of the record title to this land.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.